# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| PRA'SHAWNA STACKER,<br>Individually And On Behalf Of<br>All Others,<br><br>    Plaintiffs,<br><br>vs.<br><br>CA SENIOR LIVING, LLC<br>d/b/a ANTHOLOGY SENIOR LIVING<br>OF OLATHE<br>Registered Agent:<br>Corporation Service Company<br>2900 SW Wanamaker Drive, Suite 204<br>Topeka, KS 66614<br><br>    Defendant. | Case No.: 2:23-cv-2127<br><br>**JURY TRIAL DEMANDED** |

## PETITION

**COMES NOW** the Plaintiff, Pra'Shawna Stacker, by and through her attorneys, and on behalf of herself, and brings the following class action against Defendant, CA Senior Living, LLC, ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a Consumer Reporting Agency.

3. Defendant paid a fee to for the information it obtained concerning the Plaintiff.

4. The information obtained from the Consumer Reporting Agency, concerning the Plaintiff, was a Consumer Report (as a Consumer Report is defined pursuant to the FCRA).

5. Defendant relies on information in Consumer Reports to make decisions

      regarding prospective or current employees.

6. Defendant relies on information in Consumer Reports, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

7. Plaintiff asserts claims against Defendant on behalf of herself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8. On behalf of herself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and all other available relief.

## PARTIES

9. Plaintiff is a resident of Kansas City, Kansas. Plaintiff is a member of the Putative Classes defined below.

10. Defendant is a non-resident foreign company formed under the laws of Delaware doing business in Kansas.

## JURISDICTION AND VENUE

11. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff applied to work for Defendant in Kansas, and her claims arise, in substantial part, in Kansas. Defendant regularly conducts business in Kansas and is subject to personal jurisdiction in this district.

13. Plaintiff desires the trial to be held in the District Court of Kansas at Kansas City.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

15. Plaintiff applied online for employment with Defendant on or about October 2022 through indeed.com.

16. Defendant emailed indeed.com and set up an interview with the Plaintiff.

17. Plaintiff was hired and told the Defendant would call her after they received her Consumer Report.

18. Plaintiff received a phone call from Defendant on or about October 11, 2022, and was told her start date would be the following day.

19. Plaintiff started work on or about October 12, 2022, and worked until on or about January 6, 2023.

20. On or about January 7, 2023, Plaintiff received a text message from the Defendant telling her not to report to work.

21. On or about January 11, 2023, Plaintiff received a phone call from Defendant telling her she was fired due to her Consumer Report and to return her keys.

22. Plaintiff did not receive a copy of her Consumer Report before being fired.

23. Plaintiff would not have allowed the Defendant access to her personal information if she had known that her personal information would be used in violation of her rights.

24. Plaintiff would not have allowed the Defendant access to her personal information if she had known that her personal information would be used in violation of the FCRA.

25. Plaintiff would not have allowed the Defendant access to her personal information if she had known she would not be given a copy of her Consumer Report before

any adverse action.

26. Plaintiff would not have allowed the Defendant access to her personal information if she had known that her personal information would be used in an illegal manner.

27. The adverse action suffered by the Plaintiff is an injury in law.

28. The illegal procurement and use of the Plaintiff's personal information is akin to a breach of trust.

29. The illegal procurement and use of the Plaintiff's personal information is an injury in fact.

30. Defendant's actions deprived the Plaintiff of her right to address the information in her Consumer Report.

31. Defendant's actions deprived the Plaintiff of her right to statutory information.

32. Defendant's access and use of Plaintiff's Consumer Report was done in violation of the FCRA.

33. According to 15 U.S.C. §1681b(b)(1), Defendant should have provided the Consumer Reporting Agency it obtained the Consumer Report from with a certification that: they had complied with 15 U.S.C. §1681b(b)(2), would comply with 15 U.S.C. §1681b(b)(3), and would not use Plaintiff's Consumer Report in violation of equal employment opportunity laws or regulations.

34. On information and belief, Defendant provided the Consumer Reporting Agency it obtained the Consumer Report from with a certification concerning their 15 U.S.C. 1681b(b)(1) obligations.

35. Defendant's certifications were false.

36. Defendant's violation of 15 U.S.C. §1681b(b)(3) confused the Plaintiff.

37. Plaintiff believed the Defendant's employment decision was final and there was nothing she could do to change their mind.

38. Defendant's actions deprived Plaintiff of a meaningful opportunity to invoke the discretion of the decision maker before denial.

39. Plaintiff did not receive the protections she was entitled to because of the Defendant's actions.

40. Defendant is aware of the FCRA.

41. Defendant has knowledge that it must comply with the FCRA.

42. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

43. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were reckless.

44. The manner in which the Defendant took Adverse Action against the Plaintiff is consistent with its policies and procedures.

## CLASS ACTION ALLEGATIONS

45. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

46. Plaintiff asserts the following proposed class defined as:

**ADVERSE ACTION CLASS:** All individuals against whom the Defendant took an adverse action based on information in their Consumer Report for the period from March 23, 2021, through the conclusion of this matter.

**CERTIFICATION CLASS:** All individuals who were the subject of one or more Consumer Reports in which the Defendant represented that it had and/or would comply with 15 U.S.C. §1681b(b)(1) for the period from March 23, 2018, through the conclusion of this matter.

## Numerosity

47. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to conduct background checks on prospective employees and existing employees. Defendant relies on the information contained it said Consumer Reports, in whole or in part, as a basis for adverse employment action. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the classes.

## Common Questions of Law and Fact

48. Virtually all of the issues of law and fact in this class action or, to the classes predominate over any questions affecting individual class members. Among the questions of law and fact common to the classes are:

    a. Whether Defendant uses the information in an individual's Consumer Report to take adverse actions;

    b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other putative class members on the basis of information in a Consumer Report without first providing them with a copy of the report;

    c. Whether the Defendant obtained Consumer Report via a false 15 U.S.C. §1681b(b)(1) certification;

    d. Whether Defendant's actions were reckless; and

    e. The proper measure of damages.

## Typicality

49. Plaintiff's claims are typical of the members of the proposed class. The FCRA

violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically obtains Consumer Report via a false 15 U.S.C. §1681b(b)(1) certification and then uses those Consumer Reports to take adverse actions in violation of 15 U.S.C. §1681b(b)(3). The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

50. Plaintiff, as representative of the classed, will fairly and adequately protect the interests of the classes and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the classes.

### Superiority

51. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

52. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the putative classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such

action, impeding their ability to protect their interests.

53. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

54. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the putative classes predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

55. Plaintiff intends to send notice to all members of the putative classes to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## Count I
### Adverse Action

56. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein. Defendant obtained a "Consumer Report" concerning the Plaintiff.

57. Defendant used the report to take adverse employment action against the Plaintiff, and on information and belief, other putative class members in violation of 15 U.S.C. §1681b(b)(3).

58. Defendant violated the FCRA by failing to provide Plaintiff, and other putative class members, with a copy of their report before adverse action was taken.

59. Defendant violated the FCRA by failing to provide the Plaintiff and other putative class members with a reasonable time to address the information in their report.

60. Defendant violated the FCRA by failing to provide the Plaintiff and other putative class members with a reasonable time to explain the information in their report.

61. Defendant violated the FCRA by failing to provide the Plaintiff and other putative class members with a reasonable time to dispute their report.

62. Had Defendant complied with the FCRA, Plaintiff would have been given time to review, explain, dispute and/or otherwise address the information contained in the Consumer Report.

63. Defendant would not have given the Defendant access to her Consumer Report if she had known the Defendant would not abide by the mandates of the FCRA.

64. Defendant would not have given the Defendant access to her Consumer Report if she had known the Defendant would use the information in violation of the FCRA.

65. Defendant's failure to comply with the unambiguous mandates of the FCRA

injured the Plaintiff and the putative class members.

66. The foregoing violations were reckless.

67. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the putative class members.

68. Defendant's reckless conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice through outside employment counsel;

   b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   c. Defendant certified that it would comply with the mandates of 15 U.S.C. §1681b(b)(3) but failed to do so.

69. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

70. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

71. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## Count II
### Certification Violations

72. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

73. Consumer Reporting Agencies are legally prohibited from providing employment related Consumer Reports without first obtaining the certifications required by 15 U.S.C. §1681b(b)(1).

74. According to the provisions of 15 U.S.C. §1681b(b)(1), Defendant cannot obtain an applicant's Consumer Report until they have certified that they have complied with the mandates of 15 U.S.C. §1681b(b)(2).

75. According to the provisions of 15 U.S.C. §1681b(b)(1), Defendant cannot obtain an applicant's Consumer Report until they have certified that they will comply with the mandates of 15 U.S.C. §1681b(b)(3) if that section becomes applicable.

76. According to the provisions of 15 U.S.C. §1681b(b)(1), Defendant cannot obtain an applicant's Consumer Report until they have certified that information from the Consumer Report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation.

77. On information and belief, prior to obtaining a Consumer Report, concerning the Plaintiff and other putative class members, the Defendant certified that they had complied with 15 U.S.C. §1681b(b)(2) and would comply with 15 U.S.C§1681b(b)(3) if that section became applicable.

78. On information and belief, prior to obtaining a Consumer Report, concerning the Plaintiff and other putative class members, the Defendant also certified that information would not be used in violation of any applicable Federal or State equal opportunity employment law or regulation.

79. Defendant knew that it would not comply with the mandates of 15 U.S.C. §1681b(b)(1) prior to obtaining a copy of the Plaintiff's Consumer Report.

80. Defendant made false certifications to obtain and use Consumer Reports for employment purposes.

81. The provisions of 15 U.S.C. §1681b(b)(1) are intended to protect the privacy

rights of Plaintiff and putative class members.

82. Plaintiff and the putative class members were injured by the Defendant's practice of obtaining Consumer Reports via false certifications.

83. Absent the Defendant's false certifications, the Defendant would not have gained access to the Plaintiff's Consumer Report.

84. Absent the Defendant's false certifications, the Plaintiff would not have been denied employment.

85. Plaintiff would have never permitted the Defendant to obtain a copy of her Consumer Report if she had known that the Defendant would violate the provisions of the FCRA.

86. Plaintiff would have never permitted the Defendant to obtain a copy of her Consumer Report if she had known that the Defendant was obtaining Consumer Reports in violation of the law.

87. Plaintiff would have never permitted the Defendant to obtain a copy of her Consumer Report she had known that the Defendant employed a policy to take adverse action in violation of the FCRA.

88. Plaintiff would have never permitted the Defendant to obtain a copy of her Consumer Report she had known that the Defendant would deny her the opportunity to dispute her Consumer Report before any adverse action.

89. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff and putative class members.

90. The foregoing violations were done in reckless disregard of the law.

91. Defendant acted in deliberate or reckless disregard of its obligations and of the

Plaintiff's rights.

92. Defendant's reckless conduct is reflected by, among other things, the following:

   a. Defendant has access to legal advice through outside employment counsel;

   b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   c. Defendant made certifications per 15 U.S.C. §1681b(b)(1) that it purposely violated.

93. Plaintiff and the proposed putative class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

94. Plaintiff and the proposed putative class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

95. Plaintiff and the proposed putative class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

   a. An Order that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

   b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

   c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

   d. Order finding that Defendant committed multiple, separate violations of

   the FCRA;

e. Order finding that Defendant acted recklessly in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f. Order awarding statutory damages and punitive damages as provided the FCRA;

g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed classes have a right to jury trial.

By: /s/ C. Jason Brown  
Charles Jason Brown KS 70700  
Jayson A. Watkins KS 78463  
Brown & Watkins LLC  
301 S. US 169 Hwy  
Gower Missouri 64454  
Tel: 816-505-4529  
Fax: 816-424-1337  
brown@brownandwatkins.com  
watkins@brownandwatkins.com  
ATTORNEYS FOR PLAINTIFF